

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-8-2005

# USA v. Miller

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3524

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"USA v. Miller" (2005). *2005 Decisions*. Paper 1046.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1046

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 04-3524

UNITED STATES OF AMERICA

v.

MICHAEL JEROME MILLER,

Appellant

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal Action No. 03-cr-00187)
District Judge: Honorable William W. Caldwell

Submitted Under Third Circuit LAR 34.1(a)
June 7, 2005

Before: AMBRO, STAPLETON and ALARCÓN*, <u>Circuit Judges</u>

(Opinion filed June 8, 2005)

OPINION

* Honorable Arthur L. Alarcón, Senior United States Circuit Judge for the Ninth Circuit Court of Appeals, sitting by designation.

AMBRO, Circuit Judge

Michael Jerome Miller was indicted and he filed a motion to suppress physical evidence and statements, which the District Court denied. Miller then entered a conditional guilty plea to a superseding information charging him with possession of crack cocaine with intent to distribute, 21 U.S.C. § 841(a)(1), and possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1). Miller reserved his right to appeal the District Court's denial of his suppression motion, and he now appeals that denial. He also challenges his sentence. We affirm the denial of the suppression motion and remand as to the sentencing issue.

Because we write exclusively for the benefit of the parties who are well acquainted with the facts and procedural posture of this case, we recount only those matters relevant to the issue before us. On January 29, 2003, Detective James McBride, of the York, Pennsylvania, Police Department, obtained a search warrant from a Pennsylvania district justice. The warrant authorized search of the home located at 607 Dallas Street, York, as well as Miller, believed to be the owner, occupant, or possessor of the home. Later that day, McBride and other officers conducted the search of 607 Dallas Street.

Miller entered the home while the search was in progress. McBride asked Miller if he had any weapons and he responded that he had a gun in his waistband, which was then seized. McBride also seized three grams of crack cocaine from Miller's pocket. The officers then arrested Miller and read him his rights. Miller said that he lived in the third

2

floor front bedroom. The officers seized eight grams of marijuana from that bedroom and forty-two grams of crack cocaine from elsewhere in the residence. Miller argues that the evidence seized during the search should be suppressed because the warrant was not supported by probable cause.

## A. Suppression of Evidence

The task of a magistrate reviewing an application for a warrant "'is simply to make a practical commonsense decision whether, given all the circumstances set forth in the affidavit before him . . . [,] there is a fair probability that contraband or evidence of a crime will be found in a particular place.'" *United States v. Williams*, 3 F.3d 69, 72 (3d Cir. 1993) (quoting *Illinois v. Gates*, 462 U.S. 213, 238-39 (1983)). "'[T]he duty of a reviewing court is simply to ensure that the magistrate had a "substantial basis for . . . concluding" that probable cause existed.'" *Id.* "'A magistrate's determination of probable cause should be paid great deference by reviewing courts.'" *Williams*, 3 F.3d at 72 (quoting *Gates*, 462 U.S. at 236). We confine ourselves "to the facts that were before the magistrate judge, i.e., the affidavit, and [do] not consider information from other portions of the record." *United States v. Hodge*, 246 F.3d 301, 305 (3d Cir. 2001) (internal quotation omitted).

The first fact McBride's affidavit states is that "neighbors called and complained that they suspected that drugs were being sold from [607 Dallas Street] by several young bl[ac]k males." While such telephone complaints would certainly not be enough by

3

themselves to establish probable cause, they are nevertheless some evidence that drugs were being sold from 607 Dallas Street. While the affidavit does not give the names of the callers or the factual basis for their concerns, there is no indication that the complaints were anything other than calls from actual neighbors who were genuinely concerned about drug dealing at 607 Dallas Street.

The affidavit next states that on January 28, 2003, the day before the warrant application and search, McBride "picked up the trash placed out in front of 607 Dallas St. for . . . pick up" and recovered "mail addressed to 607 Dallas St." Under the commonsense approach of *Williams* and *Gates*, this statement suggests that the trash had likely been placed outside recently by a resident of 607 Dallas Street.

The affidavit further states that McBride recovered from the trash "over [two] dozen sandwich baggies with the corners missing. Many of th[ese] baggies had white residue on them." It is common knowledge that some illegal drugs could leave a white residue. Further, it is reasonable to infer that drug dealers might use corners of sandwich bags to package their product. McBride's statement that he recovered baggies with white residue from trash in front of 607 Dallas Street is thus additional support for the probable cause determination.

The affidavit goes on to state that the sandwich baggies "were . . . field tested positive for cocaine." While this statement does not say who did which test in what way, it is still some support for probable cause. The justice reviewing the affidavit could

4

reasonably infer that McBride or another officer properly conducted a test that revealed that there was a significant chance that the residue on the bags contained cocaine.

McBride's affidavit then connected Miller to 607 Dallas Street by stating that he "checked out [the] police data system and learned that a Michael Jerome Miller was living at [607 Dallas Street]." While the affidavit does not state how reliable the police data system was, the commonsense inference is that likely it was reasonably accurate and that Miller resided at 607 Dallas Street.

Finally, the affidavit states that "Miller had been arrested for [a] drug violation in 1998." It is reasonable to infer that someone who was arrested for involvement with illegal drugs in the past is somewhat more likely to be currently involved with illegal drugs than someone who was not arrested for involvement with illegal drugs in the past. Thus, this statement provided a small amount of additional support for the theory that Miller was dealing drugs at the time of the warrant application.

In sum—recognizing that our review is deferential and using the common sense, totality of the circumstances approach required by *Williams* and *Gates*—we conclude that the affidavit provided the justice reviewing it with a substantial basis to conclude that there was probable cause to support a search warrant.[1] We thus affirm the District

---

[1]Miller also argues that the good faith exception to the exclusionary rule does not apply. The exclusionary rule permits admission of evidence that results from executing a defective search warrant when the police acted in reasonable, good faith reliance on the validity of the warrant. *United States v. Leon*, 468 U.S. 897, 919-21 (1984). However, the rule does not apply when the police rely on a warrant "based on an affidavit so lacking

Court's denial of Miller's motion to suppress.

**B.      Sentencing**

Miller also challenges his sentence under *United States v. Booker*, 125 S. Ct. 738 (2005), and we have determined that the sentencing issues Miller raises are best determined by the District Court in the first instance.  Accordingly, we vacate Miller's sentence and remand for sentencing in accordance with *Booker.  See United States v. Ordaz*, 398 F.3d 236, 239 (3d. Cir. 2005).

---

in indicia of probable cause as to render official belief in its existence entirely unreasonable." *Id.* at 923 (internal quotation omitted).  Even if the warrant in this case was defective—*i.e.*, it was not, in fact, supported by probable cause—the good faith exception would apply.  Because we conclude that the affidavit provided the justice reviewing it with a substantial basis to conclude that there was probable cause to support a search warrant, we also conclude that affidavit was not so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable.